# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

A. D. ARMSTRONG,

        Petitioner,     :    Case No. 3:13-cv-335

- vs -        District Judge Walter Herbert Rice
        Magistrate Judge Michael R. Merz

DEPARTMENT OF REHABILITATION
 AND CORRECTIONS,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner A.D. Armstrong brought this action under 28 U.S.C. § 2254 to obtain relief from his conviction in the Montgomery County Common Pleas Court in Case No. 92-CR-196 (Petition, Doc. No. 1, PageID 1).

Armstrong claims to still be incarcerated on his 1992 conviction even though he has been subsequently convicted and incarcerated for felonious assault and that conviction has survived habeas corpus scrutiny in this Court.  See *Armstrong v. Warden*, Case No. 3:06-cv-219. Armstrong also claims that the Department of Corrections has added three years to his sentence.

In lieu of the full answer required by Rule 5 of the Rules Governing § 2254 cases, the Magistrate Judge ordered Respondent Warden to certify to the Court the cause of Armstrong's incarceration (Order, Doc. No. 3).  The Warden has now done so in his Preliminary Answer (Doc. No. 5).

The Preliminary Answer shows that Armstrong has two prisoner numbers, 260-474 and 489-194.  The first of these numbers applies to Armstrong's conviction for aggravated burglary

1

in Montgomery County Common Pleas Case No. 92-CR-196 in which he was sentenced to six to twenty-five years imprisonment by Judge Walter Porter on May 27, 1992 (Answer, PageID 65). While he was on parole for that offense, he was convicted of felonious assault with a firearm specification in Montgomery County Common Pleas Case No. 2004 CR 02162. Judge Michael Hall then sentenced him to a definite term of six years on the felonious assault and three years consecutive on the firearm specification. *Id.* PageID 67.  His maximum expiration date in the old case was March 8, 2017, but the three-year firearm specification term has been added to it for a maximum expiration date of March 7, 2020.

It is this three-year firearm specification time of which Armstrong is complaining. However, he does not dispute that his parole on the prior aggravated burglary conviction was revoked (based on the new felonious assault conviction) and that firearm specification time is required to be served consecutive to other time.  Since the expiration of his 25 year aggravated burglary sentence was appropriately calculated at March 8, 2017, the revised calculation based on the firearm specification is correct.

Contrary to Armstrong's assertions, there is no Double Jeopardy violation here.  He was sentenced separately for aggravated burglary, felonious assault, and using a firearm during the felonious assault offense.

The Petition herein should therefore be dismissed with prejudice.   Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

October 15, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).